MICHAEL GREEN, PLAINTIFF AND DEFENDANT IN ERROR, v. THE BARNES MANUFACTURING COMPANY, DEFENDANT AND PLAINTIFF IN ERROR.

Argued February Term, 1903—Decided September 30, 1903,

Where, in an action for injuries received by the flying of a piece of wood thrown by a circular saw, the proof was almost plenary that the servant had been warned of the danger of the saw and forbidden to pass through the room where it was working, another way being expressly provided, and the only evidence to the contrary was the practically uncorroborated evidence of the plaintiff, a verdict finding the plaintiff was not warned was against the clear weight of evidence.

On rule to show cause.

Before GUMMERE, CHIEF JUSTICE and Justices FORT, HENDRICKSON and PITNEY.

For the rule, *Joseph Anderson, Charles L. Black* and *Charles L. Corbin.*

*Contra, Lewis, Besson & Stevens.*

PER CURIAM.

The plaintiff was injured by the flying of a piece of wood thrown by a circular saw.

The proof seems to us to have been almost plenary that the plaintiff in this case was warned of the danger of the circular saw and forbidden to pass through the room where it was working, because of such danger, another way being expressly provided for the plaintiff and others to do their work.

The jury have found that the plaintiff was not warned, accepting practically his own uncorroborated evidence against the whole range of the unimpeached testimony of the defendant. If the plaintiff was warned, and with full knowledge of danger went the way he did and was injured, he assumed the risk.

The verdict was against the clear weight of evidence. The verdict in this case was also grossly excessive.

The rule to show cause must be made absolute and a new trial granted.